DICKSON, Justice,
concurring.
The majority opinion reverses summary judgment and remands to the trial court for further proceedings on the possible common law claims of the plaintiff, Anthony G. Perry. In future proceedings, the trial court and the parties will confront the applicability of the common law fellow servant rule.
If wrongful conduct of Stitzer’s employees had been directed at a customer or stranger, Stitzer would clearly be subject to responde-at superior liability. According to the fellow servant rule, however, such liability may be unavailable for Perry’s claims against Stitzer for the same employee misconduct. I believe that it is unjustifiable for the law to deny Perry his remedy using the arbitrary distinction that he was an employee instead of a customer. To the extent that the fellow servant rule so declares, it is time to revise this ancient doctrine.
Employers are already insulated from full responsibility for personal injuries to their employees by the worker’s compensation law and its prohibition of common law personal injury actions under the exclusive remedy clause. There remains little, if any, justification for giving continued vitality to the fellow servant rule, an instrument of the common law devised for employment relationships before worker’s compensation statutes were developed by state legislatures.
The ultimate responsibility for recognizing and revising the common law of Indiana rests with this Court. ‘We cannot close our eyes to the legal and social needs of our society, and this Court should not hesitate to alter, amend, or abrogate the common law when society’s needs so dictate.” Brooks v. Robinson (1972), 259 Ind. 16, 23, 284 N.E.2d 794, 797. The common law “must keep pace with changes in our society,” Troue v. Marker (1969), 253 Ind. 284, 290, 252 N.E.2d 800, 804, and it “is not a frozen mold of ancient ideas, but such law is active and dynamic and thus changes with the times and growth of society to meet its needs.” Perkins v. State (1969), 252 Ind. 549, 554, 251 N.E.2d 30, 33. Based upon human experience, the common law represents the “unceasing effort of an enlightened people to ascertain what is right and just.” Helms v. American Sec. Co. (1939), 216 Ind. 1, 6, 22 N.E.2d 822, 824.
While I agree with the majority that we are not at liberty to disregard the unambiguous statutory language of the Employer’s Liability Act, I urge that in cases such as the present one where an employee is not protected by worker’s compensation legislation and therefore entitled to pursue a tort claim against the employer in court, the outmoded fellow servant rule should not be applied to shield an employer from respondeat superior liability for harm inflicted by other employees in the scope and course of employment.
*1286 The majority apparently prefers to await presentation of this issue in a future case or possibly in the event of an appeal in this case following retrial. I would prefer that we address it at this time.
DeBRULER, J., concurs.